FILED
6-19-17
SUSIE KRUEGER
BY Jamie Blaskovich
DEPUTY

MICHAEL DOCKERY
CHRISTOPHER C. VOIGT
Crowley Fleck PLLP
500 TransWestern Plaza II
490 North 31st Street
P.O. Box 2529
Billings, Montana 59103-2529
Telephone: (406) 252-3441

Attorneys for Plaintiff

## MONTANA THIRD JUDICIAL DISTRICT COURT, DEER LODGE COUNTY

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, as Trustee for the Certificateholders of the CWABS, Inc., Asset Backed Certificates, Series 2007-11,<br><br>    Plaintiff,<br><br>vs.<br><br>LENNY J. RUSTAD,<br><br>    Defendant. | Civil No. DV-17-56<br><br>Judge:<br><br>**COMPLAINT** |

The Plaintiff alleges against the Defendant as follows:

### COMMON ALLEGATIONS

1. <u>Jurisdiction and Venue</u>. The real property at issue in this action is situated in Deer Lodge County, Montana. Jurisdiction and venue of this action is appropriate in the Third Judicial District Court, Deer Lodge County, Montana. All references to recorded documents in this Complaint are to the records in the office of the Deer Lodge County Clerk and Recorder.

2. <u>The Property</u>. The real property at issue in this action is situated in Deer Lodge County, Montana, and consists of two (2) lots more particularly described as follows (individually, "Lot 39" and "Lot 40" and collectively, "Defendant's Lots"):

> All of Lots Numbered Thirty-Nine (39) and Forty (40) of the Birch Hill Allotment to the City of Anaconda, County of Deer Lodge, State of Montana, according to the official plat and survey thereof now on file and of record in the office of the Clerk and Recorder of Deer Lodge County, Montana, to which plat and survey references here made for more particular description thereof.

3. <u>Status of Parties</u>. The following is a summary of the status of the parties:

(a) Defendant is the owner of Defendant's Lots. Prior to December 28, 2015, Defendant was also the owner of all of Lots Numbered Thirty-Seven (37) and Thirty-Eight (38) of said Birch Hill Allotment to the City of Anaconda, County of Deer Lodge, State of Montana ("Lots 37 and 38").

(b) Plaintiff is the owner of Lots 37 and 38 pursuant to a Trustee's Deed dated December 30, 2015 from First American Title Company of Montana, Inc., successor trustee, which Trustee's Deed was recorded January 7, 2016, in Book 335 Records, Page 837, under Document No. 196873 (the "Trustee's Deed").

4. <u>Title to Lots 37 and 38</u>. By Quit-Claim Deed dated March 3, 1995, Leonard A. Rustad and Theresa P. Rustad, husband and wife, conveyed Lots 37 and 38 to Defendant, which deed was recorded March 3, 1995 in Book 100, Page 829, under Document No. 147081. On information and belief, Leonard A. Rustad and Theresa P. Rustad were the Defendant's parents. Lots 37 and 38 were encumbered by a Deed of Trust dated May 16, 2007, given by Defendant to First American Title Company of Montana, as trustee, Ascent Home Loans, Inc., as lender (the "Original Lender"), and Mortgage Electronic Registration Systems, Inc., as the Beneficiary, in the original principal amount of $152,320.00, which Deed of Trust was recorded May 23, 2007, in Book 198, Page 592, under Document No.

178791 (the "Deed of Trust"). Following a non-judicial foreclosure of the Deed of Trust, Lots 37 and 38 were conveyed to Plaintiff by the Trustee's Deed.

5. <u>Title to Lot 39</u>. Leonard A. Rustad, the father of Defendant, acquired title to Lot 39 by Bargain and Sale Deed dated July 30, 1971, from Lucille M. Siebenaler, which deed was recorded August 17, 1971, in Book 113, Page 534, under Document No. 95875. As a result of the failure to pay real property taxes for 2007 and subsequent years, Lot 39 was conveyed to Anaconda-Deer Lodge County by Tax Deed dated November 27, 2012, and recorded November 27, 2012, in Book 312, Page 760, under Document No. 190283. Lot 39 was then reconveyed to Defendant effective February 11, 2013, by Quit Claim Deed from the Treasurer of Anaconda-Deer Lodge County recorded December 28, 2015, in Book 335, Page 579, under Document No. 196805.

6. <u>Title to Lot 40</u>. Prior to June 27, 2005, Lot 40 was owned by Anaconda Habitat for Humanity, Inc. By Bargain and Sale Deed dated June 27, 2005, Anaconda Habitat for Humanity, Inc., conveyed Lot 40 to Defendant, which deed was recorded June 27, 2005 in Book 177, Page 122, under Document No. 173437. As a result of the failure to pay real property taxes for 2007 and subsequent years, Lot 40 was conveyed to Anaconda-Deer Lodge County by Tax Deed dated December 12, 2013, and recorded December 13, 2013 in Book 321, Page 511, under Document No. 192574. Lot 40 was then conveyed to Defendant effective January 24, 2014, by Quit Claim Deed from the Treasurer of Anaconda-Deer Lodge County recorded February 21, 2014, in Book 322, Page 573, under Document No. 192883.

7. <u>Nature of Dispute</u>. This action involves a dispute as to ownership over that portion of Defendant's Lots upon which a portion of a house and garage or shop are situated (collectively, the "Improvements"). The Improvements are situated partially on Lot 38 and partially on Lot 39. Based on a communication by Defendant, a portion of the Improvements

may also be situated on Lot 40. On information and belief, the original residence was constructed in 1905. On information and belief, Defendant added a game room to the residence and constructed a large garage and shop in 1998. Although the original residence was situated on Lot 38, the added game room and garage/shop are situated on Lot 38, Lot 39 and maybe Lot 40. At the time the game room and garage/shop were added, Lot 39 was owned by Defendant's father.

8. <u>Loan Application by Defendant</u>. With respect to the loan secured by the Deed of Trust, Defendant executed a Uniform Residential Loan Application dated May 16, 2007 (the "Loan Application") for a refinance loan secured by his primary residence. The real property to serve as collateral for the loan was identified only as 820 Birch Street, Anaconda, MT 59711.

9. <u>Appraisal of Property for Loan</u>. In connection with the refinance loan, an appraisal of the property identified as 820 Birch Street, Anaconda MT 59711 was completed. In determining the estimated market value of the proposed collateral, the appraisal included all of the Improvements, which constituted about 88% of the indicated value of the appraised property.

10. <u>Execution of Note by Defendant</u>. In connection with the refinance loan secured by the Deed of Trust, Defendant executed and delivered a Note dated May 16, 2007 (the "Note") in the original principal amount of $152,320. The address of the property affected by the Note was 820 Birch Street, Anaconda, Montana 59711.

11. <u>Pledge of Improvements; Warranty of Title</u>. In the Deed of Trust, Defendant granted and pledged an interest in Lots 37 and 38, with an address of 820 Birch Street, Anaconda, Montana 59711, together with the improvements now or hereafter erected on that property, and all easements, appurtenances and fixtures now or hereafter a part of the

property, and all replacements and additions (collectively referred to as the "Secured Property").

## COUNT I – BREACH OF WARRANTY OF TITLE

12. Plaintiff restates its prior allegations.

13. In the Deed of Trust, the Defendant made an express covenant that the Secured Property was unencumbered, except for encumbrances of record. The Defendant also gave a warranty of title and agreed to defend title to the Secured Property against all claims and demands, subject only to encumbrances of record.

14. The encroachment of the Improvements onto Defendant's Lots constitutes an encumbrance on title to both Lot 38 and Defendant's Lots.

15. The Defendant has breached the covenant and warranty of title in the Deed of Trust and, as a result, is obligated to defend title to the Secured Property.

16. In order to eliminate the encumbrance, Defendant is obligated to convey to Plaintiff that portion of Defendant's Lots necessary for a use and enjoyment of the Improvements by Plaintiff.

## COUNT II – MISREPRESENTATION TO LENDER

17. Plaintiff restates its prior allegations.

18. When the game room and garage/shop were constructed in 1998, Defendant knew or should have known those additions were situated on both Lot 38 and Defendant's Lots.

19. In the loan application to the Original Lender, Defendant stated that the collateral for the refinance loan would be the property identified as 820 Birch Street, Anaconda, Montana 59711, which was Defendant's primary residence. At the time of the loan application, the Defendant's primary residence included the Improvements.

Case 9:18-cv-00062-DLC   Document 11   Filed 04/06/18   Page 6 of 11

20. Defendant failed to disclose the known encroachment of the Improvements on Defendant's Lots or the encumbrance on Lot 38 as a result of the encroachment.

21. The omission by Defendant was made with the intention that the Original Lender secure the loan with the Improvements and associated real property. The failure to disclose the encroachment was material, since a significant portion of the appraised value of the Secured Property was attributed to the Improvements.

22. The Original Lender relied to its detriment on the representations and omissions of Defendant and made the loan to Defendant.

23. Plaintiff has been damaged by the fact that it does not have clear title to Lot 38, including the Improvements that were intended as collateral for the loan.

24. In order to eliminate the detriment, Defendant is obligated to convey to Plaintiff that portion of Defendant's Lots necessary for a use and enjoyment of the Improvements by Plaintiff.

## COUNT III – PLEDGE OF ALL RIGHTS TO IMPROVEMENTS

25. Plaintiff restates its prior allegations.

26. The Deed of Trust is deemed a mortgage on real property and generally subject to laws relating to mortgages. Mont. Code Ann. § 71-1-305. A mortgage is a lien on everything that would pass by a grant of the property. Mont. Code Ann. § 71-1-103(2).

27. The Deed of Trust included the pledge of all easements, appurtenances and fixtures now or hereafter a part of the Secured Property. At the time the Deed of Trust was executed, the Improvements were incidental or appurtenant to Lots 37 and 38.

28. The Deed of Trust constituted a lien on all rights of Defendant which were necessary to the complete use and enjoyment of Lots 37 and 38.

29. Defendant had or subsequently acquired the Defendant's Lots and now has title to the real property upon which a portion of the Improvements are situated.

<a
ATTORNEYS AT LAW
BILLINGS, MONTANA

6</a>

30. Since the Improvements are necessary to the complete use of enjoyment of the Secured Property pledged in the Deed of Trust, Defendant is obligated to convey to Plaintiff that portion of Defendant's Lots necessary to the use and enjoyment of the Improvements.

31. In the alternative, Plaintiff is entitled to an order (a) awarding to Plaintiff that portion of Defendant's Lots necessary to the use and enjoyment of the Improvements, and (b) authorizing a survey or amended plat to depict and described the portion of Defendant's Lots awarded to Plaintiff.

## COUNT IV – CONVEYANCE OF RIGHTS TO IMPROVEMENTS

32. Plaintiff restates its prior allegations.

33. Under Mont. Code Ann. § 71-3-318(3), the Trustee's Deed conveyed to Plaintiff all right, title, interest and claim of Defendant in and to the Secured Property, including all right, title, interest and claim acquired by the Defendant subsequent to the execution of the Deed of Trust.

34. At the time the Deed of Trust was executed, Defendant had rights to use and occupy the Improvements, including that portion of the Improvements situated on Defendant's Lots.

35. Subsequent to the Deed of Trust, the Treasurer of Anaconda-Deer Lodge County reconveyed Lot 39 to Defendant effective as of February 11, 2013. The acquisition of Lot 39 by Defendant perfected his rights to own, use and occupy the Improvements situated on Lot 39.

36. Subsequent to the Deed of Trust, Lot 40 was conveyed to Anaconda-Deer Lodge County by a Tax Deed, but was then conveyed back to Defendant effective January 24, 2014. By prior ownership of and reacquisition of Lot 40, Defendant perfected his rights to own, use and occupy any Improvements situated on Lot 40.

CROWLEY FLECK PLLP
ATTORNEYS AT LAW
BILLINGS, MONTANA

7

37. The Trustee's Deed conveyed all right, title interest and claim of Defendant acquired after the execution of the Deed of Trust.

38. In order to effectuate the conveyance of the Defendant's interest to Plaintiff, Defendant is obligated to convey that portion of Defendant's Lots necessary to the use and enjoyment of the Improvements.

39. In the alternative, Plaintiff is entitled to an order (a) affirming that Plaintiff is the owner of that portion of Defendant's Lots necessary to the use and enjoyment of the Improvements, and (b) authorizing a survey or amended plat to depict and described the portion of Defendant's Lots acquired by Plaintiff under the Trustee's Deed.

## COUNT V – ESTOPPEL

40. Plaintiff restates its prior allegations.

41. In the Deed of Trust, Defendant represented that he had the right to grant and convey the Secured Property and that the Secured Property was unencumbered, except for encumbrances of record.

42. At the time of that covenant, Defendant knew or should have known the Secured Property was encumbered by the encroachment of the Improvements onto Defendant's Lots.

43. Subsequent to the Deed of Trust, Defendant acquired title to Defendant's Lots and eliminated the encumbrance on the Secured Property.

44. Defendant is estopped to claim any interest in the Defendant's Lots or the Improvements contrary to his representations, covenants and warranties set forth in the Deed of Trust.

45. In order to prevent Defendant from taking an inequitable and inconsistent position regarding the Improvements, Defendant is obligated to convey that portion of Defendant's Lots necessary to the use and enjoyment of the Improvements.

46. In the alternative, Plaintiff is entitled to an order (a) awarding to Plaintiff that portion of Defendant's Lots necessary to the use and enjoyment of the Improvements, and (b) authorizing a survey or amended plat to depict and described the portion of Defendant's Lots awarded to Plaintiff.

### COUNT VI – UNJUST ENRICHMENT

47. Plaintiff restates its prior allegations.

48. In the Deed of Trust, Defendant represented that he had the right to grant and convey the Secured Property and that the Secured Property was unencumbered, except for encumbrances of record.

49. At the time of that covenant, Defendant knew or should have known the Secured Property was encumbered by the encroachment of the Improvements onto Defendant's Lots.

50. If Plaintiff is not entitled to the Improvements and the portion of Defendant's Lots upon which the Improvements are situated, Defendant will be unjustly enriched by his actions and nondisclosures to Plaintiff's detriment.

51. In order to prevent Defendant from unjustly enriched, Defendant is obligated to convey that portion of Defendant's Lots necessary to the use and enjoyment of the Improvements.

52. In the alternative, Plaintiff is entitled to an order (a) awarding to Plaintiff that portion of Defendant's Lots necessary to the use and enjoyment of the Improvements, and (b) authorizing a survey or amended plat to depict and described the portion of Defendant's Lots awarded to Plaintiff.

### COUNT VII – DECLARATORY JUDGMENT

53. Plaintiff restates its prior allegations.

54. A question of Plaintiff's right, title and interest in and to that portion of Defendant's Lots necessary to the use and enjoyment of the Improvements exists and Plaintiff is entitled to a declaration of its rights, status, and legal relations with respect to the refinance loan, the Deed of Trust, the Trustee's Deed and the Improvements. Plaintiff is entitled to a declaratory judgment under Montana's Uniform Declaratory Judgment Act.

55. Plaintiff is entitled to a declaration that it is the owner of that portion of Defendant's Lots necessary to the use and enjoyment of the Improvements, which portion shall be depicted and described in a survey or amended plat approved by the court.

56. Plaintiff is entitled to recover its costs and attorney fees under Montana's Uniform Declaratory Judgment Act.

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

A. That it be declared and adjudged the owner of that portion of Defendant's Lots necessary to the use and enjoyment of the Improvements;

B. That Defendant be ordered and directed to convey to Plaintiff that portion of Defendant's Lots necessary to the use and enjoyment of the Improvements;

D. In the alternative, that Plaintiff is entitled to an order (i) awarding to Plaintiff that portion of Defendant's Lots necessary to the use and enjoyment of the Improvements, and (ii) authorizing a survey or amended plat to depict and described the portion of Defendant's Lots awarded to Plaintiff;

E. That Defendant, and all persons claiming under or through the Defendant, be forever enjoined and barred from asserting any claim in and to the Improvements or that portion of Defendant's Lots necessary for the use and enjoyment of the Improvements adverse to Plaintiff;

F.   That Plaintiff shall be entitled to its costs incurred in this action, including allowable attorney's fees; and

G.   That Plaintiff may have such other and further relief as the Court deems just and equitable.

DATED this 14th day of June, 2017.

CROWLEY FLECK PLLP

By /s/ Michael Dockery
MICHAEL DOCKERY
P.O. Box 2529
Billings, MT 59103-2529

Attorneys for Plaintiff