

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, as Trustee for the Certificate holders of the CWABS, Inc., Asset Backed Certificates, Series 2007-11, | CR 18–62–M–DLC |
| Plaintiff and Counterclaim Defendant, | ORDER |
| vs. | |
| LENNY J. RUSTAD, | |
| Defendant and Third Party Plaintiff, | |
| vs. | |
| BANK OF AMERICA, N.A., | |
| Third Party Defendant. | |

Pending before the Court is Lenny J. Rustad's ("Rustad") Motion to Remand

(Doc. 2). For the reasons explained, the Court grants the Motion.

### FACTUAL AND PROCEDURAL BACKGROUND

This case involves a real property dispute concerning lots owned by Rustad,

mortgaged with Bank of New York Mellon ("BONY"), and serviced by Bank of America, NA ("BANA"). Currently, there are two related cases pending before this Court: the first is *Rustad v. Bank of America*, CV–16–72–DLC which is currently stayed. The second is the matter at hand, *Bank of New York Mellon v. Rustad*, CV–18–62–DLC.[1] While both suits concern the same property and related allegations, only the narrow issue of whether the Court should remand the latter is presently before it. Nonetheless, because these cases are intertwined, the Court will discuss the matter in its entirety.

On June 8, 2016, Rustad filed suit against BANA in federal court. (*Rustad*, Doc. 1.) Rustad did not name BONY, the mortgage holder, as a defendant. (*See id.*) Subsequently, BONY filed suit against Rustad in state court. (*BONY*, Doc. 11.) In order to defend BONY's claims, Rustad responded by counterclaiming against BONY and added his third-party claims against BANA. (*BONY*, Doc. 12.) These claims substantially mirror his federal court claims. Therefore, Rustad moved to dismiss his federal claims without prejudice, so the matter could be litigated judiciously in state court. (*Rustad*, Doc. 25.) BANA objected to dismissal, seeking the benefit of a federal forum. (*Rustad*, Doc. 28.)

[1] When the Court refers to documents within the related cases, it will refer to *Rustad v. Bank of America*, CV–16–72–DLC as (*Rustad*, Doc. X), and will refer to *Bank of New York Mellon v. Rustad*, CV–18–62–DLC as (*BONY*, Doc. X).

Back in state court, Rustad argued that BONY's claims against him were time-barred. (*BONY*, Doc. 15 at 1.) Judge Dayton agreed and dismissed those claims, leaving only Rustad's counter and third-party claims. (*BONY*, Doc. 15 at 6.) Then, in the federal case, BANA filed a Notice of Supplemental Authority, informing this Court of Judge Dayton's decision, and arguing that it rendered Rustad's motion to dismiss moot. (*Rustad*, Doc. 30.) This Court subsequently denied the motion as moot and the parties have stayed the federal case. (*Rustad*, Docs. 31, 33.) However, there is still the matter of Rustad's claims against BONY and BANA. Which brings us to the present issue.

After Judge Dayton ruled against BONY, BANA (the third-party defendant in the state court action) removed the case to federal court. (*BONY*, Doc. 1.) Rustad subsequently moved this Court to remand the action, arguing that removal was not appropriate because BANA is not a defendant under 28 U.S.C. § 1441(a). (*BONY*, Docs. 2, 3.) BANA then defaulted and Rustad moved for default judgment. (*BONY*, Doc. 5.) Default Judgment was entered by the Clerk of Court on April 4, 2018 (*BONY*, Doc. 6), and BANA subsequently moved to set it aside (*BONY*, Doc. 7). The threshold issue is whether this Court has jurisdiction over the removed state court action. Because the Court concludes that it does not, it does not reach the issue of whether to set aside default judgment.

-3-

**DISCUSSION**

## I.    Remand

In support of its Motion to Remand, Rustad claims that: (1) BANA, a third-party defendant, improperly removed this action under 28 U.S.C. § 1441(a); (2) removal violates the forum-defendant rule; (3) Rustad did not consent to removal; and (4) removal was not timely.    (Doc. 3.)

In response, BANA argues generally that the unique procedural history in this case makes removal appropriate.    Specifically, BANA argues that: (1) Rustad initially chose a federal forum to litigate his claims; (2) the Ninth Circuit has not clearly prohibited third-party defendants from removing a case to federal court; (3) additionally, or alternatively, the Court could realign the parties according to their true interests, in which case Rustad would be the plaintiff, rendering BANA the defendant, and thus removal would be proper; and (4) removal was timely.    (Doc. 17.)

A defendant in state court may remove an action to federal court when it could have been filed in federal court originally.    28 U.S.C. § 1441(a); *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 163 (1997). Removal may be based on either diversity jurisdiction or federal question jurisdiction.    28 U.S.C. § 1441(b).    If, at any point prior to a final judgment, a

-4-

federal district court lacks subject matter jurisdiction because of improper removal, it must remand the case to state court. 28 U.S.C. § 1447(c).

The removing-party bears the burden to show that removal was appropriate. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* at 566. If a district court determines that removal was not appropriate, "it is divested of jurisdiction and can take no further action on the case." *Wells Fargo Bank, N.A. v. Zimmerman*, 2015 WL 9093465, at *3 (C.D. Cal. Dec. 16, 2015) (quoting *Seedman v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 837 F.2d 413 (9th Cir. 1988)).

The plain language of § 1441(a) allows removal by a "the defendant or the defendants."[2] Though the question has been raised, the Ninth Circuit has not yet squarely addressed whether removal is proper when effectuated by a third-party defendant. *Columbia State Bank v. Daybreak Estates, LLC*, 2011 WL 832132, at *2 (D. Or. Feb. 9, 2011). "[T]he majority view is that the determination of who is a defendant is determined by the original complaint, not subsequent third or fourth-

---

[2] The full text reads, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C.A. § 1441(a).

-5-

party complaints." *Schmidt v. Association of Apartment Owners of Marco Polo Condominium*, 780 F.Supp. 699, 702 (D. Haw. 1991) (citing to 1A Moore's Federal Practice § 0.157[7] (1989)); *Ciolino v. Ryan*, 2003 WL 21556959, at *3 (N.D. Cal. July 9, 2003) (collecting cases). As one Colorado district court explained, an "appropriately strict construction of § 1441(a) . . . permits removal only 'by the defendant or the defendants,' [which] places a third-party defendant outside the ambit of the removal statute." *NCO Fin. Sys., Inc. v. Yari*, 422 F.Supp. 2d 1237, 1239 (D. Col. 2006) (citing *Monmouth–Ocean Collection Serv., Inc. v. Klor*, 46 F.Supp. 2d 385 (D.N.J.1999)). The court observed that this rule avoids the odd outcome that results if a plaintiff is forced to litigate in a federal forum that she did not chose and would not have been available to her adversary, if not for the third-party defendant. *Id.* Allowing third-party defendants to seek a federal forum where there is no diversity of federal question prior to the third-parties involvement increases the jurisdiction of federal courts "in contravention of the statutory limits on the right of removal." *Id.* at 1239 (citing *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 10 (1951)). As another court put it, "[a]llowing such removal nullifies the original plaintiff's choice of forum, even if the original plaintiff carefully structured his lawsuit to ensure that it could not be removed . . . . [it] is akin to permitting the 'tail to wag the dog.'" *Schmidt*, 780 F.Supp. at 702.

BANA argues that the law does not clearly prohibit third-party removal and notes that some district courts have allowed the practice. *See Chateau Lafitte Homeowner's Ass'n, Inc. v. St. Bernard Par.*, 2011 WL 3268611, at *3 (E.D. La. July 28, 2011); *Rivera v. Fast Eddie's, Inc.*, 829 F. Supp. 2d 1088, 1091 (D.N.M. 2011); *Johns, Pendleton & Assocs. v. Miranda, Warwick & Milazzo*, 2002 WL 31001838, at *2 (E.D. La. Sept. 4, 2002). BANA is correct that isolated courts have found that unique circumstances occasionally warrant a different result.

For example, in *Rivera* the district court allowed the third-party defendant to remove an action to federal court after the underlying personal injury claim was entirely resolved and the only matter to be litigated was the defendant's assignment to the plaintiff of the defendant's breach of contract and bad faith claims against its own insurance carrier. *Rivera*, 829 F. Supp. 2d at 1089. In this circumstance, the court determined that the underlying rationale of protecting the plaintiff's choice of forum was not defeated because it was effectively a new suit. *See id.* at 1092.

The circumstances here are not analogous. Rustad's claims against BONY and BANA are part and parcel of the dispute concerning Rustad's mortgage and real property at issue in BONY's complaint. This dispute has not been resolved, there has been no assignment of any rights, nor has a corollary suit sprung from the

initial controversy. Even if *Rivera* were an apt comparison, the Court is considerably more persuaded by the weight of authority which stands for the general principle that a third-party defendant cannot remove a case to federal court. *See Palisades Collection LLC v. Shorts*, 552 F.3d 327, 332 (4th Cir. 2009) ("For more than fifty years, courts . . . have consistently refused to grant removal power under § 1441(a) to third-party defendants . . ."); *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 461 (6th Cir. 2002) ("The majority view is that third-party defendants are not 'defendants' for purposes of § 1441(a)."); 16 MOORE'S FEDERAL PRACTICE, § 107.11[1][b][iv] (3rd ed. 2010) ("[T]hird-party defendants are not defendants within the meaning of the removal statute . . . ."); *see also Columbia State* Bank, 2011 WL 832132, at \*2; *Flagstar Bank, FSB v. Aki*, 2011 WL 2746809, at \*2 (D. Haw. July 12, 2011); *Foster Poultry Farms, Inc. v. Int'l Bus. Mach's Corp.*, 2006 WL 2769944 (E.D. Cal. Aug. 1, 2006); *Schmidt*, 780 F.Supp. at 702; *Ciolino*, 2003 WL 21556959, at \*3 (collecting cases); *NCO Fin. Sys., Inc. v. Yari*, 422 F.Supp.2d at 1239.

Accordingly, the Court concludes that BANA, a third-party defendant, was not the proper party to remove the suit and thus the Court lacks jurisdiction over this case. BANA's additional arguments cleverly urge the Court to find this case so procedurally unique that the Court could either realign the parties according to

-8-

their interests, and, or, deny Rustad's motion based on the conclusion that Rustad is forum shopping.    As to BANA's first argument concerning realignment, BANA cites no truly comparable case.    *See City of Indianapolis v. Chase Nat. Bank of New York*, 314 Y.S. 63, 69–70 (1941) (realigning parties to determine diversity); *Fed. Ins. Co. v. Safeskin Corp.*, 1998 WL 832706, at *1 (S.D.N.Y. Nov. 25, 1998) (the same); *Heniford v. Am. Motors Sales Corp.*, 471 F. Supp. 328, 334 (D.S.C. 1979), dismissed, 622 F.2d 584 (4th Cir. 1980) (the same); *Oregon v. City of Rajneeshpuram*, 1984 WL 558450, at *3 (D. Or. July 17, 1984) (realigning the parties post-removal to determine whether all defendants consented to removal). BANA cites no authority that would indicate it is prudent or well-advised for the Court to realign the parties to allow removal by a third-party defendant because the plaintiff claims have been dismissed when the claims are otherwise interconnected. Further, the Court finds no evidence of forum shopping.

Because the Court has found that BANA did not properly exercise removal under § 1441(a) and thus the Court lacks jurisdiction, it will not address Rustad's additional arguments.

## II.    Fees

Additionally, Rustad seeks reimbursement for costs and expenses, including attorney fees, pursuant to 28 U.S.C. § 1447(c).    Under the statute "an order

remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."   28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."   *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted).   Removal is not "objectively unreasonable" solely because the removing party's arguments lack merit and the removal ultimately is unsuccessful.   *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).   Something more, such as frivolousness, is required.   *Id.* at 1065–66 (citing *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999–1000 (9th Cir. 2006)).

Here, it was not frivolous, nor objectively unreasonable, for BANA to seek removal.   First, it was not objectively unreasonable for BANA to initiate removal proceedings, given that neither the Ninth Circuit nor this Court has previously addressed the issue.   As BANA pointed out, a number of other federal courts have found the practice permissible under certain circumstances.   Next, it was not frivolous for BANA to remove given Rustad's initial filing in federal court. Therefore, the Court denies an award of fees.   Having found an objectively reasonable basis for BANA to believe that the federal forum was mutually desired and appropriate, the Court denies Rustad's request for fees.

Accordingly, IT IS ORDERED that Rustad's Motion to Remand (Doc. 2) is GRANTED.

IT IS FURTHER ORDERED that Rustad's request for fees is DENIED.

DATED this **20**<sup>th</sup> day of August, 2018.

Dana L. Christensen, Chief Judge
United States District Court